J-A23021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAMOY MCCALPIN | : | |
| | : | |
| Appellant | : | No. 1636 EDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009533-2014

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD, J*

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 11, 2017**

Appellant, Camoy McCalpin, appeals from the Judgment of Sentence entered in the Court of Common Pleas of Philadelphia County on April 1, 2016, after the trial court found him guilty of Firearms not to be Carried Without a License ("Carrying a Firearm Without a License") and Carrying Firearms on Public Streets in Philadelphia.[1]  After careful review, we affirm.

The factual and procedural history is as follows.  On June 24, 2015, Kareema Cousin visited Natasha Robinson and Ms. Robinson's paramour, Kiree Davis, at 1709 South Yewdell Street in Philadelphia, Pennsylvania.  Ms. Robinson rented a room in the house from Appellant, who owned the property and acted as landlord.  Shortly after Ms. Cousin arrived at the

_____

[1] 18 Pa.C.S. § 6106(a)(1) and 18 Pa.C.S. § 6108, respectively.

_____

* Former Justice specially assigned to the Superior Court.

house, Appellant arrived at the house to discuss some issues that were transpiring between Ms. Robinson and another tenant that lived in the house.

Ms. Cousin observed Appellant drive up to the house in a vehicle, pull a bag with a shoulder strap out of the vehicle, put the shoulder bag on, and enter the house. While standing in the living room, Appellant and Ms. Robinson began to argue, and Appellant instructed Ms. Robinson to leave. During this confrontation, Ms. Cousin and Mr. Davis were sitting on the couch. Ms. Cousin saw Appellant go briefly into the kitchen and quickly return to the living room. According to Ms. Cousin, Ms. Robinson threatened to call the police and attempted to open the door but Appellant pushed her out of the way. At this point, Ms. Cousin and Mr. Davis both stood up and Ms. Cousin observed Appellant pull a handgun out of his shoulder bag. Appellant pointed the handgun first at Ms. Robinson, then at Mr. Davis, then at Ms. Cousin, and then back again at Mr. Davis and Ms. Robinson. Ms. Cousin heard Appellant say "Don't move!" N.T. Trial, 1/29/16, at 29. Despite Appellant's demand, Ms. Cousin, Ms. Robinson, and Mr. Davis fled the home and called the police.

Police Officer Tiffany Sinclair responded to the call, entered the home, and recovered a black and silver .45 Caliber Ruger handgun from inside the shoulder bag. The police later determined the handgun to be loaded and operable. Appellant did not have a license to carry the firearm.

During the bench trial, Appellant testified on his own behalf. Appellant testified that he was coming over to the house with the intent of evicting Ms. Robinson. Appellant stated that during the fight he went to the kitchen to get the handgun from a locked storage room where he stored his tools.

On January 29, 2016, the trial court found Appellant guilty of Carrying a Firearm Without a License and Carrying Firearms on Public Streets in Philadelphia. The court subsequently sentenced Appellant to an aggregate term of six to twenty-three months' incarceration followed by two years of probation.[2]

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did not the lower court err by finding sufficient evidence to establish violations of sections 6106 and 6108 of the [U]niform [F]irearms [A]ct, where the lower court found [Appellant] acted with "reasonable force" in pointing a firearm at the boarders of his rooming house who "blocked [Appellant] from leaving the property" that he lawfully owned, as the lower court erred in finding [Appellant]'s rooming house was not his fixed place of business, and erred by finding sufficient evidence that Mr. McCalpin carried the firearm on the streets of Philadelphia?

Appellant's Brief at 4.

---

[2] The trial court found Appellant not guilty of Recklessly Endangering Another Person and Simple Assault.

When reviewing a challenge to the sufficiency of the evidence, we must view all of the evidence admitted at trial in the light most favorable to the verdict winner, and determine if there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Lopez*, 57 A.3d 74, 79 (Pa. Super. 2012). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (citation and quotation omitted). We may not weigh the evidence and substitute our judgment for the fact-finder. *Id.* Rather, "it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Mack*, 850 A.2d 690, 693 (Pa. Super. 2004) (citation omitted). "In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citation and quotation omitted).

The trial court found Appellant guilty of Carrying a Firearm Without a License pursuant to 18 Pa.C.S. § 6106, which provides, in pertinent part:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). In order to convict a defendant for carrying a firearm without a license, the Commonwealth must prove: "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (citation and quotation omitted). *See* 18 Pa.C.S. § 6106(a).

The trial court also found Appellant guilty of Carrying Firearms on Public Streets in Philadelphia pursuant to 18 Pa.C.S. § 6108, which provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm; or
>
> (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108. In order to convict a defendant for Carrying Firearms on Public Streets in Philadelphia, the Commonwealth must prove that Appellant was carrying a firearm on the public streets of Philadelphia and that he was neither licensed to do so nor exempt from the licensing requirement. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Here, there is no dispute that Appellant possessed an unlicensed firearm. However, Appellant avers that the Commonwealth failed to prove that he possessed that firearm outside his "fixed place of business," as

required by 18 Pa.C.S. § 6106(a), and "upon the public streets," as required by 18 Pa.C.S. § 6108. Appellant's Brief at 19; 36. Appellant argues the evidence established that he obtained the gun from a locked storage closet inside the house, and the house was Appellant's "fixed place of business," as he was the owner and landlord. *Id.* at 29. Appellant further argues that there was insufficient evidence to prove that he possessed the firearm outside of the house on public streets. *Id.* at 31. We disagree.

The trial court heard evidence that Ms. Cousin observed Appellant drive up to the house in a vehicle, remove a shoulder bag from the vehicle, enter the house with the shoulder bag, and subsequently pull a handgun out of the shoulder bag. The trial court found that "Appellant was not credible in his assertion that the gun was already on the premises when the incident took place." Trial Court Opinion, filed 10/20/16, at 5. Consequently, the trial court concluded that "[Appellant] had actual physical possession of this firearm when he brought it to the house and pointed it at the complainants." *Id.* at 6.

As stated above, the Commonwealth may sustain its burden of proving every element of a crime by wholly circumstantial evidence. *Lopez, supra* at 79. Our review of the record supports the trial court's reasonable inference that the firearm was inside the shoulder bag when Appellant drove up to the house and, therefore, Appellant possessed the firearm outside of the house on public streets. *See Commonwealth v. Hopkins*, 747 A.2d 910, 918 (Pa. Super. 2000) (concluding that circumstantial evidence was

- 6 -

sufficient to support the reasonable inference that Appellant traveled at least some distance on a public street to access the front entryway of a home); ***Commonwealth v. Ford***, 461 A.2d 1281, 1287 (Pa. Super. 1983) (stating evidence that defendant removed pistol from his pants shortly after entering house, giving rise to the inference that he possessed firearm while walking to the house on a public street, was sufficient to sustain conviction for carrying a firearm on public streets).

Because the evidence was sufficient to establish that Appellant carried the weapon **outside** of the house, we need not address Appellant's argument that the house was his "fixed place of business," and therefore a place where he was permitted to carry an unlicensed firearm pursuant to 18 Pa.C.S. § 6106(a).

The Commonwealth presented evidence that Appellant carried a firearm without a license outside of the house on a public street in Philadelphia, and therefore presented sufficient evidence to convict Appellant of Carrying Firearms Without a License and Carrying Firearms on Public Streets in Philadelphia. We, thus, affirm Appellant's Judgement of Sentence.

Judgement of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/11/2017</u>