J-S73026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JUMAH ROBINSON, | |
| Appellant | No. 912 MDA 2014 |

Appeal from the Sentencing May 23, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002523-2013

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

DISSENTING STATEMENT BY BOWES, J.:                   **FILED DECEMBER 23, 2014**

Having reviewed the evidence in a light most favorable to the Commonwealth and affording it the reasonable inferences derived therefrom, I cannot agree that this is a case where the evidence is so weak and inconclusive that no probability of fact can be reached relative to the receiving stolen property charge. *See Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa.Super. 2014) ("Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may drawn from the combined circumstances.").  Accordingly, I respectfully dissent.

Although the learned majority dutifully recites the boilerplate law regarding our sufficiency of the evidence review, it then dismisses that standard in favor of what it would have decided had it been on the jury.  The

majority readily acknowledges, as it must, that the evidence proves that Appellant did not lawfully purchase the firearm. Nonetheless, it rejects the logical and reasonable inference from the actual evidence that Appellant believed the gun was probably stolen when he illegally acquired the weapon.

Appellant did not have a permit to carry the gun, nor was the gun registered to Appellant. Both the nature of the firearm and the inability to assimilate such a good into lawful commerce after being stolen, **see Commonwealth v. Parker**, 847 A.2d 745, 751 (Pa.Super. 2004), in combination with the absence of the weapon being registered to Appellant and his unexplained possession of the gun, result in a permissible inference that Appellant reasonably believed the gun was probably stolen. The jury reached a common sense conclusion based on the evidence provided.[1]

Sufficiency review is not what this Court would have decided had we been on a jury. Our standard of review for a sufficiency claim is carefully circumscribed and is highly deferential to the jury. As the majority's analysis rejects a carefully considered jury determination and, in practice, disregards our standard of review, I must respectfully dissent.

---

[1] I note that Appellant was charged with persons not to possess a firearm because of a New Jersey burglary conviction. This fact, though highly relevant and probative of intent, was not placed before the jury because the trial court severed Appellant's trial on that count.