J-S70002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN MCAFEE | |
| Appellant | No. 3010 EDA 2012 |

Appeal from the PCRA Order September 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016133-2008

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED DECEMBER 29, 2014**

Shawn McAfee appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon review, we affirm.

This Court previously summarized the facts of the case as follows.

On June 3, 2008, around 8:40 p.m., Police Officer James Kuzowsky and Sergeant Patrick McDonald, who were in full uniform in a marked police vehicle, were on patrol around the 1000 block of West Huntingdon Street in Philadelphia, when Officer Kuzowsky observed [McAfee] operating a black Jeep. [N.T., 4/30/09, at 5-7].  When [McAfee] failed to signal before making a right hand turn, the officers stopped him for a violation of the Vehicle Code.  *Id.* at 8.  Officer Kuzowsky approached

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[McAfee's] vehicle on foot, after which he instructed [McAfee] to roll down his heavily tinted windows for the officers' safety. *Id.*

When the officers asked for [McAfee's] driver's license, registration, and proof of insurance, [McAfee] "proceeded to be very nervous, very agitated, and hostile, [asking] why was he being pulled over [and stating that] [h]e was being pulled over for no reason." *Id.* at 9. While attempting to find his documentation, [McAfee] opened the vehicle's center console, in which Officer Kuzowsky observed "a large amount of money loose … and in numerous bundles, rubber bands, and different stacks." *Id.*

After observing the money, Sergeant McDonald asked [McAfee] if there were any weapons in the vehicle, after which [McAfee] became "even more nervous[,] fidgety," and "hostile." *Id.* at 12, 38-39. [McAfee] became so agitated as to start moving back and forth between the passenger and driver's side of the vehicle. *Id.* [McAfee] was removed from the vehicle for the officers' safety, at which point Officer Kuzowsky observed large bulges in his pants pockets[,] which the officer immediately identified as consistent with the bundles of currency observed in [McAfee's] vehicle. *Id.* at 12-13. Sergeant McDonald then patted down [McAfee] and recovered numerous large bundles of money from [McAfee's] pants pockets. *Id.* at 12-13, 17.

At this point, based on [McAfee's] suspicious behavior and the large amount of money both on his person and in plain view inside his vehicle, Officer Kuzowsky suspected that there were narcotics and weapons inside the vehicle and radioed for a narcotics detecting dog, which arrived about fifteen minutes later. *Id.* at 13. The dog approached the vehicle and "went crazy," indicating that it detected the odor of narcotics on both sides of the vehicle. *Id.* at 14-15. At this point, [McAfee] was taken to a police station while police conducted further investigation, which included towing [McAfee's] car to a lot while police obtained a warrant to search it. *Id.* at 15-16, 41. Police Officer Brian Myers testified that, on June 3, 2008, he executed a search warrant for [McAfee's] vehicle, pursuant to which he recovered three clear jars of suspected PCP, a loaded nine millimeter handgun, and $26,998.00 in cash. *Id.* at 44-47.

*Commonwealth v. McAfee*, 32 A.3d 272, 272 (Pa. Super. 2011).

On April 30, 2009, following a non-jury trial, the court convicted McAfee of possession of a firearm by a prohibited individual,[2] carrying a firearm without a license,[3] carrying a firearm in public in Philadelphia,[4] and knowing or intentional possession of a controlled substance.[5] The court sentenced McAfee on December 17, 2009, and imposed an aggregate sentence of 7½ to 15 years' incarceration, to be followed by 5 years of probation. McAfee appealed his judgment of sentence, alleging the trial court erred in dismissing his motion to suppress evidence seized by the police following a lawful traffic stop and vehicle search. This Court affirmed McAfee's sentence on July 18, 2011. *Id.*

On November 17, 2011, McAfee filed a *pro se* PCRA petition. McAfee filed an amended petition on February 28, 2012. On April 19, 2012, PCRA counsel filed an addendum to the amended petition. Subsequently, the PCRA court dismissed McAfee's petition, without a hearing, on September 20, 2012. This timely appeal followed, in which McAfee claims that the PCRA court erred when it dismissed his petition alleging ineffective assistance of counsel.

---

[2] 18 Pa.C.S. § 6105.

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 6108.

[5] 35 P.S. § 780-113(a)(16).

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** We may affirm a PCRA court's decision on any grounds if it is supported by the record. **Id.**

"To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." **Burkett**, **supra**.

McAfee first argues that trial counsel was ineffective for not challenging the sufficiency of the evidence supporting his firearm convictions. Illegal possession of a firearm may be shown by constructive possession. **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004)

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

- 4 -

To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (internal quotation and citations omitted).

The PCRA court explained its reasoning for finding the evidence sufficient to prove constructive possession as follows:

> [McAfee] was acting nervous, fidgety, and hostile with police when he was being investigated for a traffic violation. Recovered from [McAfee's] person and scattered about the car was $26,998.00 in cash. [McAfee] was the sole occupant of the car. [McAfee] clearly knew that cash was in the car. When the Officers questioned him about the existence of a weapon in the car, for their safety, [McAfee] became even more visibly agitated. Clearly, anyone who is carrying that enormous amount of cash around would want a means to protect himself and the cash – such as a loaded nine millimeter handgun. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (rejected sufficiency challenge to firearms offenses, although gun was concealed in a car in which Cruz had no ownership interest, where Cruz was the sole occupant and appeared to show consciousness of guilt).

PCRA Court Opinion, 7/15/13, at 5. Based on the totality of the circumstances, the Commonwealth's evidence was sufficient to establish that McAfee was in constructive possession of the firearm. *See Hopkins*, *supra*.

McAfee also argues that trial counsel was ineffective for not challenging the sufficiency of the evidence supporting his conviction for knowing or intentional possession of a controlled substance. McAfee claims he had no knowledge of the existence of the concealed drugs and, therefore, possession could not be established.

Here, McAfee was the sole occupant of the vehicle and was therefore in exclusive control of the vehicle and its contents. Based on McAfee's suspicious behavior and the large amount of cash divided into bundles in a manner characteristic of narcotics trafficking, the officers suspected there were narcotics and weapons inside the vehicle and radioed for a narcotics detecting dog. When the dog approached the vehicle, it "went crazy," indicating that it detected the odor of narcotics on both sides of the vehicle. When viewed in their totality, the facts and circumstances support the court's finding that McAfee was in constructive possession of the drugs. *See Hopkins*, *supra*.

Accordingly, McAfee's claims that the Commonwealth's evidence was insufficient to prove constructive possession of the firearm and drugs are meritless. Because counsel cannot be deemed ineffective for failing to pursue a meritless claim, we decline McAfee's request for relief. *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2014