J-S17027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN GEORGE | : | |
| | : | No. 858 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence June 28, 2016
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004157-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 06, 2018**

Shawn George appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his convictions of firearms not to be carried without a license[1] and person not to possess firearms.[2]  We affirm.

In May 2015, George was riding in a stolen car, driven by Danielle Raffle. Officer David Brockway observed the stolen vehicle, followed it for about one block and pulled the car over.  When Officer Brockway approached the vehicle, George fled from the car.  Raffle told Officer Brockway that George had a gun.

---

[1] 18 Pa.C.S.A. § 6106(a).

[2] 18 Pa.C.S.A. § 6105(b).

Officer Brockway called for backup and George was ultimately arrested. Police found a discarded firearm in the bushes about thirty yards away from where the arrest took place. George was taken to the police station and given his **Miranda**[3] warnings. Officer William Carey then interviewed George, and George stated that when Raffle's car was stopped, he took the gun and "ran with it," and later "threw it." N.T. Jury Trial, 3/30/16, at 121-23.

Following his convictions, the court sentenced George to a term of imprisonment of 3-½ to 7 years for firearms not to be carried without a license, and to a consecutive term of 5 to 10 years for persons not to possess a firearm. George filed post-sentence motions, which were denied on February 8, 2017. This timely appeal followed.

George raises the following issues on appeal:

1. Whether the trial court imposed an illegal sentence, where it sentenced [George] to a term of five (5) to ten (10) years for carrying a firearm without a license, 18 Pa.C.S.A. § 6106, a felony of the third degree, which carries a maximum sentence of three and one-half (3-½) to seven (7) years?

2. Whether there was sufficient evidence to support [George's] conviction for carrying a firearm without a license, 18 Pa.C.S.A. § 6106, and persons prohibited from possessing a firearm, 18 Pa.C.S.A. § 6105, beyond a reasonable doubt?

Appellant's Brief, at 4.

First, George argues the court imposed an illegal sentence when it sentenced him to 5 to 10 years' imprisonment for carrying a firearm without

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

a license, a felony of the third degree. **See** 18 Pa.C.S.A. § 6106(a). Pursuant to section 1103 of the Crimes Code, a felony of the third degree carries a term of imprisonment "which shall be fixed by the court at not more than seven years." 18 Pa.C.S.A. § 1103(3).

Here, the sentencing order, dated June 28, 2016, states that on count 1, firearms not be carried without a license, the court imposed a 3-½ to 7-year sentence, and on count 7, persons not to possess firearm, a felony of the second degree, the court sentenced George to a consecutive term of imprisonment of 5 to 10 years. **See** 18 Pa.C.S.A. § 6105(a.1); **see also** 18 Pa.C.S.A. § 1103(2) (felony of second degree carries term of imprisonment "which shall be fixed by the court at not more than ten years."); N.T. Sentencing, 6/28/16 at 13-14. In his argument, George has transposed the two sentences imposed. The court's sentence was within the statutory limit and, therefore, George's claim that the sentence was illegal is meritless.

Next, George argues that the evidence was insufficient to support his convictions on both charges.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559–60 (Pa. Super. 2011) (en banc) (internal quotations and citations omitted). Further, the Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602 (Pa. 2011).

George was convicted of persons not to possess a firearm under 18 Pa.C.S.A. § 6105(a)(1). In relevant part, section 6105 provides:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Section 6106 provides, in relevant part:

**§ 6106. Carrying a Firearm without a license.**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or

- 4 -

> fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

In order to convict George of carrying a firearm without a license, the Commonwealth was required to prove that: (a) George possessed a firearm, (b) he did not possess a valid license to carry a firearm, and (c) the firearm was carried in a vehicle or concealed about his person outside his place of abode or fixed place of business. *See Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004). In order to convict George of persons not to possess, the Commonwealth was required to prove that: (a) he possessed a firearm, and (b) he was disqualified from possessing a firearm under section 6105(b) or (c). *See* 18 Pa.C.S.A. § 6105(a)(1).

We point out that George challenges only the "possession" element of the offenses. He argues that the evidence did not establish that he was ever in physical possession of the firearm, but, rather, was merely present in the vicinity of where the firearm was recovered.

At trial, Raffle testified that the firearm belonged to George. She stated:

> Q: Going back a little bit to the times you have given [George] rides in your car and he had that gun. Did you ever ask him about it?
>
> A: I did, but he said it was for protection.
>
> Q: Did he ever say what type of protection?
>
> A: Yeah he wasn't really well liked by certain people on the west side of Chester, so it was for his best interest.

Q: Okay so that is why he brought it. And when he carried it, where would he carry it? . . . On the 7th when he got in the vehicle?

A: In his left side pocket.

Q: Was he wearing a shirt?

A: No.

Q: And you saw it in his side pocket that day?

A: Yes.

* * *

Q: Okay, and so when he gets in the car is the gun still in his pocket or did he take it out of his pocket?

A: It remained in his pocket.

* * *

Q: Now how long were you driving before you noticed the [police] car behind you?

A: Not that long . . . maybe ten minutes[.]

* * *

Q: So once Officer Brockway came out and had his gun drawn, did Mr. George say anything?

A: He opened the door he said he had to run. I told him to do what he had to do. I am not getting out and running, I am staying right here. That is when the cop told him to get back in the car, but he ran.

* * *

Q: Now when Shawn George was running from the car could you still see the gun?

A: I saw it when he first got out but after he got like a certain length away from the car I wasn't really paying attention to him as he was running.

N.T. Jury Trial, 3/30/16, at 75, 78-80.

The Commonwealth also introduced Officer Carey's interview sheet, and Officer Carey testified that George acknowledged that he had a handgun when he ran from the car, and that he got the gun from a "smoker."[4] *Id.* at 129. With respect to the question, "Did you toss the gun when the police were chasing you?" George's response was, "I wasn't being chased *but I threw it*." *Id.* at 130 (emphasis added).

Additionally, the Commonwealth entered into evidence a stipulation wherein the parties agreed that George "was previously convicted of one or more of the offenses enumerated in . . . [s]ection 6105(b)." N.T. Jury Trial, 3/31/16, at 72. The stipulation was admitted without objection. *Id.* at 73. Thus, pursuant to section 6105(b), George was ineligible to possess, use, control, sell, transfer, manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in Pennsylvania.

As noted above, Raffle testified that George possessed the firearm, and George acknowledged his possession in his statement to Officer Carey. George claims that Raffle's testimony is self-serving. We note this argument goes to the weight rather than the sufficiency of the evidence. The jury, sitting as the factfinder, "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Ramtahal*, 33 A.3d at 609 (citation omitted). George also argues that his statement to Officer Carey

_____

[4] Officer Carey explained that a "smoker" is a person with a drug addiction. N.T. Jury Trial, 3/30/16, at 129.

should be discounted because he was "nervous and upset." This claim, too, is unconvincing. Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to support George's convictions for carrying a firearm without a license pursuant to section 6106(a)(1) and persons not to possess under section 6105(a)(1). **Brown**, **supra**. We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/18