J-S12028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE LUIS ROBLES, II, | |
| Appellant | No. 1302 MDA 2017 |

Appeal from the Judgment of Sentence entered on July 21, 2017,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0004084-2016.

BEFORE:  LAZARUS, J., KUNSELMAN, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 11, 2018**

George Luis Robles, II appeals from the judgment of sentence, entered into after a jury trial, where he was convicted of various offenses including firearms not to be carried without a license.[1]  After careful review, we affirm.

The trial court summarized the facts of this case as follows:

> Marlon Bowen, II, a Victim, said that he and [Robles] were acquaintances until they got into a dispute over a girl.  Before the date of the incident, [Robles] told Bowen that he was going to shoot and kill him, according to Bowen and another witness, Daniel Cabrera.  On July 17, 2016, a witness, Xyiena Robbs, stated that she and the two Victims, Bowen and Mikai Washington, were at a large house party.  A fight broke out between Bowen and [Robles].  During this time, guns were taken from the trunk of a vehicle and shots were fired as several people

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

were trying to run away. Robbs witnessed [Robles] with a gun later that night and testified that he threatened to shoot her sister. Mikai Washington stated that he and Bowen were walking down a nearby street when he heard people yelling "run" before hearing several gunshots. Robbs at that time witnessed [Robles] holding a gun in the vicinity of Bowen and Washington although she never saw him fire any shots. Washington suffered a gunshot wound to the arm. Bowen believes that [Robles] shot Washington and that the bullet was actually meant for Bowen.

Trial Court Opinion, 10/17/17 at 1-2.

Following his convictions, the court sentenced Robles to an aggregate sentence of 7 to 20 years of imprisonment, followed by 5 years of special probation. This timely appeal followed.

Robles raises only the following issue on appeal:

1. Whether the evidence was insufficient to sustain a conviction for Amended Count 8 of the Information: 18 Pa.C.S.A. §6106(a)(1) Firearms Not to be Carried Without a License?

Robles' Brief at 9.

Our standard of review when reviewing a sufficiency of the evidence claim is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless

- 2 -

the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 556-60 (Pa. Super. 2011) (En banc) (internal quotations and citations omitted).

Robles challenges his conviction of carrying a firearm without a license. 18 Pa.C.S.A. § 6106(a)(1). Section 6106 provides in relevant part:

**§ 6106. Firearms not to be carried without a license**.

Offense defined.

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

In order to convict Robles of carrying a firearm without a license, the Commonwealth was required to show that: (a) Robles possessed a firearm, (b) he did not possess a valid license to carry a firearm, and (c) the firearm was carried in a vehicle or concealed about his person outside his place of abode or fixed place of business. *See Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).

- 3 -

Robles does not contest the he possessed a firearm outside of his home or abode or fixed place of business, or that he did not possess a valid license to carry it. Instead, Robles argues that the Commonwealth failed to prove an essential element of the offense, that is, the required barrel length of the firearm as that term is defined in 18 Pa.C.S.A. section 6102. Section 6102 defines "firearm" as follows:

> "**Firearm**." Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S.A. § 6102.

Robles argues that the Commonwealth, in failing to produce any direct evidence that established the length of the gun's barrel, fell short in meeting the requisite burden of proof. During the trial, Xyiena Robbs testified that the weapon she saw in Robles' hand was "small," and she acknowledged that it was a handgun. Ms. Robbs further testified that "held [it] in one hand," and that it was black in color. *See* N.T., 6/20-6/22/17, at 115. According to Robles, Ms. Robbs' description is insufficient to make a finding that the firearm was of the size described in section 6102, and argues that the she should "have been asked to estimate the overall size or barrel length[.]" Robles' Brief at 19.

- 4 -

We note that Robles has waived his sufficiency claim. In his 1925(b) statement, Robles alleged generally that "the evidence was insufficient to support the conviction for . . . Count 8: Firearms Not to be Carried Without a License." *See* Robles' "Statement of Matters Complained of on Appeal" filed 9/5/2017. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ***Commonwealth v. Garland***, 63 A.3d 339,344 (Pa. Super. 2013). Robles failed to specify which elements he was challenging in his firearms not to be carried without a license conviction in his 1925(b) statement. Thus, we find Robles' sufficiency claim waived on this basis. ***See Commonwealth v. Pukowsky***, 147 A.3d 1229 (Pa. Super. 2016) (finding the defendant's statement of errors did not inform the court with any specificity about the elements that the evidence was insufficient).

However, even assuming Robles' sufficiency claim was not waived, we find the record contained sufficient evidence to convict him for firearms not to be carried without a license.

The Commonwealth relies on our decision in ***Commonwealth v. Rozplochi***, 561 A.2d 25 (Pa. Super. 1989), where we held that sufficient evidence existed to show the barrel length of the gun fell within the prescribed dimensions defined in section 6102. In that case, a witness testified that the weapon was inside an envelope and that the envelope was "about this high" and "not too wide." Another witness testified that the

defendant had a "small black gun." We further noted that "none of the evidence of record indicat[ed] that the gun had an exceptionally long barrel length and [the] appellant [had] never offered to come forward with any evidence which would show that the gun was not a firearm." *Rozplochi,* 561 A.2d at 31-32.

Although Ms. Robbs did not indicate the approximate dimensions to explain the size of the gun in the same way the witness did in *Rozplochi*, we nonetheless find that the Commonwealth provided sufficient evidence to prove beyond a reasonable doubt that the barrel length of the gun was less than 15 inches. Additionally, the Commonwealth presented two color photographs into evidence, which Robles had previously sent to Bowen. One depicted Robles holding a black handgun, and the other appeared to be a black handgun tucked inside a waistband. The jury could reasonably infer that the gun shown in the text message photos was the same gun that Ms. Robbs observed Robles holding on the day of the incident. These photos, coupled with Ms. Robbs' description of the weapon, are sufficient evidence to support a reasonable inference that the firearm had a barrel length of less than 15 inches.

Because the Commonwealth presented sufficient evidence to support Robles' conviction of carrying a firearm without a license, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2018