J-S13003-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN BARRY-GIBBONS, | : | |
| | : | |
| Appellant | : | No. 11 WDA 2017 |

Appeal from the Judgment of Sentence October 16, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003148-2016

BEFORE:  BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
**FILED JUNE 17, 2019**

I agree with the Majority that Appellant is not entitled to relief on his second, third and fourth claims.  However, because I find that there is sufficient evidence to sustain Appellant's conviction for receiving stolen property, I would affirm the judgment of sentence.  Accordingly, I respectfully dissent.

Appellant challenges the sufficiency of the evidence only with respect to the second element of the crime of receiving stolen property, *i.e.*, guilty knowledge of the crime.  Majority at 16.  The Commonwealth had the burden to establish either that Appellant knew the firearms in question were stolen, or believed that they had probably been stolen.  ***Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*).  Guilty knowledge

* Retired Senior Judge appointed to the Superior Court.

may be inferred from circumstantial evidence. *Id.* Circumstantial evidence of guilty knowledge may include evidence that the property was recently stolen, as well as

> the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

*Id.* at 268.

Here, there was sufficient evidence from which the factfinder could infer that Appellant had guilty knowledge. Significantly, the place and manner of possession of the guns were indicative of guilty knowledge; Appellant was clearly trying to avoid their detection by wrapping them in a t-shirt and hiding them under a piece of trim beneath the bathroom sink, which was only discovered after police unscrewed and removed the trim piece. *See* Majority at 9. Appellant's proffered explanation for why he possessed the guns, *i.e.*, that he was asked to hide them for someone else who had been arrested, likewise indicated that Appellant probably knew the guns were not possessed lawfully. *See id.* at 6. When the woman asked Appellant to hide guns for her boyfriend upon the boyfriend's arrest, Appellant could have turned them over to the police instead of hiding them, but chose to conceal them in the apartment. Appellant's statement after he was arrested also pointed to his guilty knowledge when he provided false information to police about whether

the firearms found in the apartment were functional. **See** Majority at 6-7. The stolen firearms were found in the apartment where Appellant was selling illegal drugs; the Commonwealth presented evidence that most guns recovered from drug dealers are stolen and thus, common sense and experience would tell the factfinder that Appellant was aware the guns were probably stolen. **See** Majority at 17; **see also Barnes v. United States**, 412 U.S. 837, 846 (1973) (finding in a case involving unexplained possession of recently stolen treasury checks that "common sense and experience tell us that [Barnes] must have known or been aware of the high probability that the checks were stolen"). That Appellant was also charged and convicted of the crime of persons not to possess firearms was another indicator that Appellant knew he was ineligible to obtain firearms legally and was unable to pass a background check required by legitimate dealers in legal trade channels. **See Commonwealth v. Parker**, 847 A.2d 745, 751 (Pa. Super. 2004).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence from which the factfinder could infer Appellant's knowledge of the stolen nature of the firearms to sustain Appellant's conviction for receiving stolen property.

Accordingly, I would affirm the judgment of sentence.