J. S44037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RANDY D. STOKES, | : | No. 360 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered February 1, 2019,
in the Court of Common Pleas of Warren County
Criminal Division at No. CP-62-CR-0000415-2017

BEFORE: SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 13, 2019**

Randy D. Stokes appeals from the judgment of sentence entered on February 1, 2019 by the Court of Common Pleas of Warren County Criminal Division following his conviction of one count each of possession of a controlled substance with intent to deliver and possession of a controlled substance and three counts of criminal use of a communication facility.[1] After careful review, we affirm.

The trial court provided the following factual and procedural history:

> In October 2017, the Warren County Drug Task Force began covertly communicating with [appellant] over social media and text messaging. Through these messages, [appellant] agreed to deliver one gram of methamphetamine to an undercover officer at a set location in Warren, Pennsylvania. On October 20,

---

[1] 35 P.S. §§ 780-113(a)(30) and (16), and 18 Pa.C.S.A. § 7512(a), respectively.

> 2017, the Drug Task Force met [appellant] at the location where he was taken into custody. At the time of arrest, a clear plastic bag was found in the center console of his vehicle which contained 2.9 grams of white crystal-like substances, along with other items consistent of drug paraphernalia. A subsequent field test of the white substance yielded a positive result for methamphetamine.
>
> . . . .
>
> On January 15, 2019, a jury found [appellant] guilty of possession with intent to deliver, possession of [a] controlled substance, and three counts of criminal use of [a] communication facility. The jury found [appellant] not guilty of [one count] of criminal use of [a] communication facility as well as possession of drug paraphernalia. [The trial court] also found [appellant] not guilty of operating a vehicle without valid inspection. [Appellant] was sentenced on February 1, 2019.[2] On March 1, 2019, [appellant] filed a notice of appeal . . . .

Trial court opinion, 3/4/19 at 1-2 (extraneous capitalization omitted).

Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) with his timely notice of appeal. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Did the trial court abuse its discretion by overruling defense counsel's objection to the introduction of evidence, specifically text messages exchanged between [appellant] and an undercover police officer on dates not noted in the criminal information as well as messages that referenced [appellant's] prior criminal record?

---

[2] The trial court imposed an aggregate sentence of 54-108 months' imprisonment, with credit for time served.

Appellant's brief at 8.

Before we can address the merits of appellant's appeal, we must first determine whether the issue is properly before us. The Commonwealth contends that appellant waived his issue on appeal because he failed to timely object to the admission of text messages between appellant and an undercover police officer. (Commonwealth's brief at 1; **see also** trial court opinion, 3/4/19 at 2-3.) Appellant argues that he properly preserved this issue for appellate review when he raised an objection prior to Detective Joseph Bees reading the text messages as part of his testimony.

The Pennsylvania Rules of Evidence state that in order to preserve a claim of error involving the admission of evidence, a party must, on the record, make a timely objection and state the specific ground for the objection. Pa.R.E. 103(a)(1). **See also Commonwealth v. Parker**, 847 A.2d 745, 749-750 (Pa.Super. 2004) ("[I]t is well settled that failure to raise a contemporaneous objection constitutes a waiver of [an evidentiary] claim.").

Here, the record reflects that appellant failed to object to the admission of the text messages at issue.

> **Q:** Officer Bees, I am showing you what I have marked as Commonwealth's Exhibit 1; do you recognize that?
>
> **A:** Yes, these are the – this is the text conversations with [appellant.]
>
> **Q:** And did you print these out? Or, not print them, but save them?

> **A:** I did.
>
> [**The Commonwealth:**] Your Honor, at this time I would ask that Commonwealth Exhibit 1 be entered into evidence.
>
> **THE COURT:** [Appellant's counsel?]
>
> [**Appellant's counsel:**] **No objection, Your Honor.**
>
> **THE COURT:** They're admitted collectively as Commonwealth Exhibit 1.

Notes of testimony, 1/15/19 at 34-35 (emphasis added).

The record further reflects Detective Bees began reading the text messages aloud as they were simultaneously displayed for the jury on a projector. (*Id.* at 36-71.) As Detective Bees read the text messages for the jury, appellant raised objections pertaining to the dates of the text messages and references to appellant's criminal history contained within the text messages. (*Id.* at 39, 44.)

We find that appellant failed to contemporaneously raise his objections. Indeed, appellant raised his objections after the text messages had already been admitted into evidence. Put another way, and as noted by the trial court, at the time of appellant's objections, the text messages were already part of the record. (*See* trial court opinion, 3/4/19 at 3.) Accordingly, appellant's sole issue is waived on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019