J-A18002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIE CONTOSTA | : | |
| | : | |
| Appellant | : | No. 538 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007227-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 13, 2020**

Appellant, Marie Contosta, appeals from the judgment of sentence of a one-year term of probation, imposed after she was convicted, following a non-jury trial, of carrying a firearm without a license and other offenses. On appeal, Appellant solely challenges the sufficiency of the evidence to sustain her firearm conviction. We affirm.

The trial court summarized the facts of this case, as follows:

> On June 4, 2018, Officer Kevin Early of the North Fayette Township Police Department conducted a stop of a vehicle being operated by [Appellant,] due to the fact that the license plate light for the vehicle was malfunctioning. Upon approaching the driver's side of [Appellant's] vehicle, Officer Early requested [Appellant's] driver's license, vehicle registration and proof of insurance. [Appellant] opened the glove box to obtain some of the information and Officer Early observed a loaded gun magazine in the glove box. He then asked [Appellant] if a firearm was also located in the vehicle. [Appellant] initially advised that there was no firearm in the vehicle. Officer Early asked [Appellant] whether there was a firearm in the console of the vehicle. [Appellant] replied that she was not sure. After a few moments, [Appellant]

admitted that there was a firearm in the console of the vehicle. Officer Early's partner recovered the firearm. Officer Early also recovered marijuana and a pipe from the console area. [Appellant] informed Officer Early that she had just been target shooting and was on her way home.

[Appellant] was placed under arrest and was transported to the police department. While there, she was **Mirandized**[1] and she admitted to Officer Early that she had not been target shooting prior to the vehicle stop. Officer Early also learned that [Appellant] was not licensed to carry a firearm.

At trial, [Appellant's] boyfriend testified. He testified that he was at a farm, target shooting with [Appellant] prior to the vehicle stop. He testifed [*sic*] that he had been following [Appellant] home from the farm and he pulled over ahead of her after she was stopped by the police. He admitted that the firearm was registered to him and that he put the firearm in [Appellant's] vehicle without her knowledge prior to leaving the farm.

Trial Court Opinion (TCO), 10/28/19, at 1-2.

Based on these facts, the court convicted Appellant of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(2); possessing a small amount of marijuana, 18 Pa.C.S. § 780-113(a)(31); possessing drug paraphernalia, 18 Pa.C.S. § 780-113(a)(32); and driving without rear lights, 75 Pa.C.S. § 4303(b). That same day, the court sentenced Appellant to an aggregate term of one-year probation. She filed a timely post-sentence motion, which the court denied. Appellant then filed a timely notice of appeal, and she also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states one issue for our review:

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

I. Whether [Appellant's] conviction for [carrying a firearm w]ithout a [l]icense must be reversed, and the judgment of sentence in that regard must be vacated, where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] had constructive possession over the firearm in question while it was in her vehicle?

Appellant's Brief at 5 (bold emphasis omitted).

Appellant contends that the Commonwealth's evidence did not prove that she constructively possessed the firearm found in her vehicle. Initially, this Court has explained:

Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant.

\*\*\*

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Hopkins**, 67 A.3d 817, 820–21 (Pa. Super. 2013) (cleaned up).

Here, Appellant first avers that the Commonwealth failed to prove that she knew the gun was in her car. She acknowledges that, at the close of trial, the court stated that it did **not** believe her boyfriend's testimony that he put the gun in Appellant's car without her knowledge. **See** Appellant's Brief at 17 (citing N.T. Trial, 2/12/19, at 75 (the court's stating that there was "no explanation to suggest that she didn't know that [her boyfriend] put the firearm in the console" and that it did not "believe that he did not inform [Appellant] that he put the gun in there")). Appellant contends, however, that the trial court essentially rescinded this credibility determination in its Rule 1925(a) opinion. In support, she points out that, at the outset of the court's factual summary, it declared that, "[t]he credible evidence presented at trial established that the following events transpired[,]" after which the court stated that Appellant's boyfriend "admitted that the firearm was registered to him and that he put the firearm in [Appellant's] vehicle without her knowledge…." TCO at 2. According to Appellant, the court's wording indicated that it found her boyfriend's testimony credible, and she insists that "the contradiction in the trial court's on-the-record statements and the trial court's opinion is impossible to reconcile." Appellant's Brief at 18.

Appellant's argument is wholly without merit. The portion of the trial court's opinion relied upon by Appellant was simply a recitation of the testimony presented at trial, not a determination regarding what testimony the court believed. Indeed, when the court addressed Appellant's sufficiency argument in its opinion, it unequivocally declared that she "clearly had

knowledge that the firearm was in her vehicle." TCO at 5. This statement, and the court's credibility determinations at the close of trial, demonstrate that the court did not believe Appellant's boyfriend's testimony that he put the gun in her vehicle without her knowledge.

Appellant next avers that, even if the evidence established her knowledge of the firearm, the Commonwealth failed to prove that she had the intent to exercise control over it. Appellant insists that the court erroneously found that she intended to control the firearm simply because she was driving the car in which it was found. **See** Appellant's Brief at 19. She also argues that her "case is manifestly distinguishable on its facts from" **Commonwealth v. Cruz**, 21 A.3d 1247 (Pa. Super. 2011), where we found Cruz had constructively possessed a gun found in his car for the following reasons:

> [Cruz] was the only person found in the vehicle. The gun in question was found in a compartment on the passenger side of the vehicle. [The officer who stopped Cruz's car] testified that [Cruz] was observed moving sideways toward the passenger side of the vehicle immediately after [the o]fficer … turned on his lights and siren. During questioning, [Cruz] gave [the o]fficer … five or six different names and multiple birthdates, thus exhibiting a consciousness of guilt. Under these circumstances, we think the trial court was justified in concluding that [Cruz] had knowledge of the gun, had the power and intent to exercise control of the gun, and, therefore, had constructive possession of the gun.

**Id.** at 1253.

Here, Appellant claims that, "unlike in **Cruz**, Officer Early had no pre-stop information or reason to believe there was a firearm in [Appellant's] vehicle; he stopped her simply because of a malfunctioning license plate.

Moreover, the Commonwealth introduced no evidence [that Appellant] was nervous, disruptive, or anything other than cooperative during the traffic stop." Appellant's Brief at 21. Appellant also notes that "the Commonwealth presented no evidence that [Appellant] made any movements in the direction of the center console where the firearm in question was found." *Id.* at 22.

We find Appellant's attempt to distinguish *Cruz* unavailing. As in *Cruz*, Appellant was alone in the vehicle, which was registered to her. While Officer Early had no information that a gun might be in Appellant's vehicle prior to stopping her, when Appellant opened the glove box, the officer observed a loaded gun magazine in plain view. Moreover, the fact that Appellant did not make movements towards the gun in the center console is not dispositive, as she admitted that she knew the gun was in the center console. Appellant also told the officer that she had been target shooting with the weapon just prior to the traffic stop. These facts, viewed in the light most favorable to the Commonwealth as the verdict winner, demonstrated Appellant's intent to control the weapon. *See Commonwealth v. Parker*, 847 A.2d 745, 751 (Pa. Super. 2004) (finding Parker constructively possessed a gun found under the passenger seat of the vehicle he was driving where he was the sole occupant of the car, knew the gun was in the vehicle because it was visible, admitted the gun was his, and stated that he had carried the gun at other times). Accordingly, Appellant's challenge to the sufficiency of the evidence to prove that she constructively possessed the firearm in her vehicle is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2020