J-S73017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARRIS ARIEL-DIMITRYS ACEVEDO, | : | |
| | : | |
| Appellant | : | No. 760 MDA 2017 |

Appeal from the Judgment of Sentence April 24, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004657-2016

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 07, 2018**

Appellant, Harris Ariel-Dimitrys Acevedo, appeals from the Judgment of Sentence entered in the Berks County Court of Common Pleas following his convictions after a bench trial of, *inter alia*, Aggravated Assault and Receiving Stolen Property.[1] Appellant challenges the sufficiency of the evidence to support these convictions. After careful review, we affirm.

On August 2, 2016, Luis Aviles was working at a bar in Reading, Pennsylvania when he encountered Appellant trying to break into a garage near the bar with a knife. When Aviles approached Appellant and asked what he was doing, Appellant did not reply. Instead, Appellant placed the knife into his pocket, started backing away from Aviles, and pulled out a firearm from his waistband. Aviles ducked behind a nearby parked truck. As Appellant

_____

[1] 18 Pa.C.S. § 2702(a)(1) and 18 Pa.C.S. § 3925(a), respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

backed away, he cocked the gun, aimed at Aviles, and fired once from approximately twelve feet away. Appellant's first shot hit the truck's tire, barely missing Aviles. The gun then jammed; Appellant quickly cleared the jam, reloaded the gun, and fired at Aviles a second time. Appellant then fled down a nearby alley with another person, who had been watching from across the street.

A few hours later, Appellant and his co-conspirator patronized a gas station in a red BMW. After observing Appellant and his co-conspirator throwing away valuables and having difficulty starting the BMW, another motorist approached them to offer his assistance. The motorist noticed that Appellant and his co-conspirator did not have the car keys and were trying to start the car with a knife; the motorist also observed a firearm on the floor of the vehicle. The motorist departed and called police to report the firearm and the possible stolen vehicle. Police responded to the gas station, apprehended Appellant and his co-conspirator, and recovered the distinctive firearm, which had pink paint along the rail, a missing screw, and an illegible serial number under the barrel.

The Commonwealth charged Appellant with, *inter alia*, Aggravated Assault and Receiving Stolen Property. Appellant proceeded to a bench trial, at which the Commonwealth presented testimony from Aviles, the motorist, the registered owners of the BMW and the distinctive firearm, and several police officers. Aviles identified Appellant as the shooter. Both the firearm

owner and the BMW owner testified that Appellant did not have permission to take their stolen property.[2]

The parties stipulated to several facts, including: (1) Appellant was ineligible to obtain a license to carry a firearm since he was 17 years old on the date of the shooting; (2) Appellant had been adjudicated delinquent for Burglary in 2014, which rendered him ineligible to possess a firearm; and (3) expert analysis concluded that the same distinctive firearm recovered from the BMW—an operable .40-caliber Springfield Armory Model XD-40 handgun— had fired a discharged .40-caliber cartridge casing recovered from the scene of the earlier shooting.

Following a one-day bench trial, the trial court found Appellant guilty of numerous offenses, including Aggravated Assault and Receiving Stolen Property.[3]   On April 24, 2017, the trial court imposed an aggregate term of five to ten years' incarceration.

Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following two issues for our review:

> 1. Whether there was sufficient evidence to support the trial court's verdict as to the charge of Aggravated Assault as the

---

[2] The registered firearm owner testified that he last observed the firearm in his garage in July 2016 and that the serial number was previously legible.

[3] The trial court found Appellant not guilty of Criminal Attempt (First-Degree Murder).

Commonwealth failed to establish Appellant's intent to cause serious bodily injury?

2. Whether there was sufficient evidence to support the trial court's verdict as to the charge of Receiving Stolen Property as the Commonwealth failed to establish Appellant's knowledge that the gun was stolen or that the Appellant believed that the gun has probably been stolen?

Appellant's Brief at 4.

Appellant first challenges the sufficiency of the evidence supporting his conviction for Aggravated Assault. Appellant avers that there is no evidence that he intended to cause serious bodily injury, and claims that there is "an equally reliable inference" that he simply intended to scare the victim rather than cause serious bodily injury. Appellant's Brief at 12-13.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court

- 4 -

may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Appellant challenges the sufficiency of the evidence supporting his conviction for Aggravated Assault. "A person is guilty of [A]ggravated [A]ssault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

"A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S. § 302(b)(1)(i). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Miller*, 172 A.3d at 641 (citations and quotation marks omitted).

"[F]iring a gun constitutes the type of conduct that is likely to result in serious bodily injury. Further, the intent to injure, as required by the statute, is also inferred from such conduct." *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001). "Even though [the victim] was not struck by any bullets, the act of firing a gun toward him constitutes an attempt to cause

- 5 -

serious bodily injury." **Id**. "[I]n instances where the defendant has both drawn and fired (or drawn and misfired) a gun, we have consistently held that an [A]ggravated [A]ssault occurred." **Commonwealth v. Matthews**, 870 A.2d 924, 929 (Pa. Super. 2005) (*en banc*). **See also Commonwealth v. Thompson**, 739 A.2d 1023, 1028-29 (Pa. 1999) (holding that evidence that the defendant shot at and "narrowly missed hitting" the victim sufficient to sustain a conviction for Aggravated Assault).

Our review of the certified record in the instant case indicates that the evidence is more than sufficient to sustain Appellant's conviction for Aggravated Assault. As the victim testified, Appellant brandished a firearm at him when he interrupted Appellant's attempt to break into a garage. Without saying anything, Appellant pulled out a gun, slowly backed away, and then fired directly at the unarmed victim, hitting the tire of a truck behind which he had seen the victim hide. After the firearm jammed, Appellant cleared the jammed firearm, reloaded, and fired a second time at the hiding victim. This evidence clearly supported the court's conclusion that Appellant acted with the intention to cause serious bodily injury to the victim, rather than simply to scare him. The fact that Appellant's gunshots missed the victim is of no moment. **See Galindes**, 786 A.2d at 1012; **Thompson**, 739 A.2d at 1028-29.

We, thus, conclude after viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of Aggravated Assault.

In his second issue, Appellant contends that the evidence was insufficient to sustain his conviction for Receiving Stolen Property. Appellant avers that there is no evidence that he "had knowledge that the gun was stolen or that he believed that it had probably been stolen." Appellant's Brief at 16. He argues that it was not obvious that a serial number underneath the barrel of the gun had been altered. *Id.* at 15.

A person is guilty of Receiving Stolen Property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

"In order to obtain a conviction for [R]eceiving [S]tolen [P]roperty, the Commonwealth must establish the following elements beyond a reasonable doubt: (1) the property was stolen; (2) the defendant was in possession of the property; and (3) the defendant knew **or had reason to believe the property was stolen**."[4] *Commonwealth v. Foreman*, 797 A.2d 1005, 1011 (Pa. Super. 2002) (emphasis added).

The Commonwealth may prove that the defendant knew or had reason to believe the property was stolen through direct or circumstantial evidence. *Commonwealth v. Robinson*, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*). Circumstantial evidence showing a defendant's guilty knowledge may

---

[4] We note that Appellant does not contend that the Commonwealth failed to satisfy its burden of proof as to the first two elements of the crime.

include: (1) "the lapse of time between possession and theft[;]" (2) "whether the property has alterations indicative of being stolen[;]" (3) "the nature of the goods," including the special status of handguns as "highly regulated" goods that "cannot be easily obtained from legitimate dealers[;]" and (4) a defendant's status as a formerly convicted felon and the consequent knowledge that (i) it is illegal for such felons to obtain a handgun, and (ii) a criminal background check would have prevented a purchase from a legitimate dealer in legal trade channels.  **Commonwealth v. Parker**, 847 A.2d 745, 751-52 (Pa. Super. 2004).

Here, the Commonwealth provided ample evidence from which the factfinder could infer that Appellant knew or had reason to believe the firearm was stolen: (1) the firearm had been stolen from the owner at some point in the past month before the shooting; (2) the serial number underneath the firearm's barrel had been altered in the past month and was illegible; (3) the stolen property was a firearm, which has a unique status as a highly regulated good that cannot be obtained easily from legitimate dealers;[5] and (4) Appellant's status as both a juvenile and previously adjudicated delinquent, rendering him ineligible to obtain any firearm legally and unable to pass a background check required by legitimate dealers in legal trade channels.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, this evidence was sufficient to support the inference of

---

[5] **See** 18 Pa.C.S. § 6111 ("Sale or transfer of firearms").

guilty knowledge required for Appellant's conviction for Receiving Stolen Property. Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2018