J-S70043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 2399 EDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008516-2016

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:            **FILED FEBRUARY 26, 2019**

Appellant, Michael Martinez,[1] appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of possession with the intent to distribute and knowing and intentional possession.[2]

The trial court opinion fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.  We amend the opinion to state the court sentenced Appellant on April 26, 2017, and on May 23, 2017, the court expressly deemed Appellant's post-sentence motion timely filed *nunc pro tunc*.

---

[1] Appellant's name is also spelled "Micheal" in the record.

[2] 35 P.S. §§ 780-113(a)(30), and 780-113(a)(16), respectively.  The court imposed no further penalty on the (a)(16) offense.

Appellant raises the following issues for our review:

WAS NOT THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN CONVICTIONS FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER AS WELL AS KNOWING AND INTENTIONAL POSSESSION OF A CONTROLLED SUBSTANCE, WHERE THE MOST REASONABLE INFERENCE FROM THE EVIDENCE IS THAT APPELLANT DID NOT POSSESS ANY CONTROLLED SUBSTANCE AT ALL?

DID NOT THE [TRIAL] COURT ERR IN DENYING APPELLANT'S POST-SENTENCE MOTION FOR A NEW TRIAL WHERE THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 4).

A challenge to the sufficiency of the evidence implicates the following legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003)).

> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lucretia Clemons, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed December 18, 2017, at 4-8) (finding: **(1)** evidence was sufficient to convict Appellant of possession with the intent to distribute and knowing and intentional possession, where Commonwealth established at trial Appellant's constructive possession of narcotics through testimony of three police officers and physical evidence police seized from Appellant and two buyers on date of transactions; **(2)** at trial, Officer Cerebe credibly testified to Appellant's identification on day of transactions; Officer Cerebe testified as to her observation of Appellant's physical description on day of incident; no record evidence contradicts Officer Cerebe's testimony about Appellant's physical description; although Officer

- 3 -

Cerebe lost sight of Appellant after three transactions for five to six minutes, Officer Cerebe testified she positively identified Appellant before Officer Cooper arrested him; verdict was consistent with weight of evidence).  The record supports the court's decision, and we see no reason to disturb it. Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/19

## IN THE COURT OF COMMON PLEAS
## FOR THE COUNTY OF PHILADELPHIA
## CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **VS.** | : | |
| | : | |
| **MICHAEL MARTINEZ** | : | **NO. CP-51-CR-0008516-2016** |

## OPINION

Lucretia Clemons, J.

Defendant Michael Martinez appeals from his judgment of sentence of the Court of Common Pleas of Philadelphia entered on April 26, 2017. On appeal, Defendant challenges the sufficiency of the evidence supporting his conviction of two crimes: (1) manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance by a person not registered (hereinafter "possession with the intent to distribute");[1] and (2) knowingly and intentionally possessing a controlled or counterfeit substance by a person not registered (hereinafter "knowing and intentional possession").[2] Additionally, Defendant contends that the trial court erred and abused its discretion by denying Defendant's Post Sentence Motion Nunc Pro Tunc requesting a new trial where the verdicts were against the weight of the evidence. For the reasons discussed herein, the Superior Court should affirm this Court's findings of fact and uphold the Defendant's sentence.[3]

CP-51-CR-0008516-2016 Comm. v. Martinez, Micheal
Opinion

8045960191

---

[1] 35 Pa.C.S. § 780-113(a)(30).
[2] 35 Pa.C.S. § 780-113(a)(16).
[3] The trial court writes this Opinion pursuant to Pennsylvania Rule of Appellate Procedure §1925(a).

1

## I.    FACTUAL HISTORY[4]

At Defendant's bench trial, Police Officer Kathy Cerebe of the Philadelphia Police Department testified that, on July 14, 2016 at approximately 12:00 pm, she conducted a plainclothes surveillance on the 3000 block of N. Water Street in Philadelphia, PA from a confidential location. N.T. February 10, 2017 at 15. From a location approximately 100 feet south of the block and while using binoculars, Officer Cerebe observed Michael Martinez ("Defendant") on the east side of the block. *Id.* at 15-16, 23. Officer Cerebe testified that Defendant wore a black t-shirt and jeans, along with sunglasses on the top of his head. *Id.* at 23. Officer Cerebe saw two unknown white males hand Defendant an unknown amount of money in exchange for unknown items. *Id.* at 16. Officer Cerebe radioed the descriptions and directions of the two white males to her backup officers, but they were unable to locate them. *Id.* About a minute after the first transaction, Officer Cerebe observed Steven Graciani walk southbound on Water Street from Clearfield Street and approach Defendant. *Id.* at 16, 29. After a brief conversation, Mr. Graciani handed Defendant an unknown amount of money. *Id.* In return, Defendant handed Mr. Graciani unknown items. *Id.* Officer Cerebe relayed Mr. Graciani's description and location to backup officers while Mr. Graciani proceeded northbound on Water Street. *Id.* Based on that information, Police Officer Raphael Maldonado stopped Mr. Graciani at 200 East Lippincott Street. *Id.* at 35, 38. Officer Maldonado recovered one clear plastic packet with a blue glassine insert stamped with a minion cartoon character from Graciani's pants pocket.[5] *Id.* at 36. The packet contained a tan powdery substance, which was later confirmed to be heroin. *Id.* at 50.

---

[4] The Factual Background is taken from the Waiver Trial hearing dated 02/10/2017 (hereinafter N.T. February 10, 2017).

[5] Recovered narcotics were placed on property receipt 3258592.

2

A couple of minutes after Defendant's transaction with Mr. Graciani, Officer Cerebe observed Thomas Holland engage in a short conversation with Defendant. *Id.* at 17, 30. Defendant and Mr. Holland proceeded to walk southbound "maybe a car length or two" farther, and then Mr. Holland handed Defendant an unknown amount of money in exchange for unknown items. *Id.* Following the transaction, Mr. Holland left northbound on Clearfield Street in a Ford F-150 pick-up truck. *Id.* at 31, 42. Based on information received from Officer Cerebe, Police Officer William Tull stopped Mr. Holland approximately at 12:10 pm in the 100 block of Allegheny Avenue. *Id.* at 17, 42, 44. Officer Tull arrested Mr. Holland and recovered one clear plastic packet with a blue glassine insert with a minion stamp and one lime-green container from the passenger seat.[6] *Id.* at 42. The packet contained 0.11 grams of heroin. *Id.* at 50. The green container contained off-white chunks that tested positive for cocaine. *Id.* at 51.

Defendant crossed the street onto the west side of Water Street after his transaction with Mr. Holland was complete. *Id.* at 17-18. Defendant was out of Officer Cerebe's view for approximately five to six minutes. *Id.* at 24. Officer Cerebe left the surveillance location in an unmarked vehicle. *Id.* at 18. Once Officer Cerebe located Defendant in front of 3026 Water Street, she called for backup, relaying Defendant's description and location. *Id.* Officer Cooper arrested Defendant after Officer Cerebe positively identified Defendant. Officer Cooper recovered $275.00 from Defendant.[7] *Id.* at 18, 23. No narcotics were recovered from Defendant's person. *Id.* at 23.

## II.    PROCEDURAL HISTORY

On July 14, 2016, Defendant Michael Martinez was arrested and charged with possession with the intent to deliver and knowing and intentional possession. On February 10, 2017,

---

[6] Recovered narcotics were placed on property receipt 3258593.

[7] Recovered United States currency was placed on property receipt 3258594.

Defendant waived his right to a jury trial, and he was tried before the Honorable Lucretia Clemons in a bench trial. The trial court convicted Defendant of both charges. On April 26, 2017, the trial court sentenced Defendant to twelve to twenty-seven months incarceration at the State Correctional Institution followed by reporting probation for a maximum of three years. On May 22, 2017, Defendant filed a Post Sentence Motion Nunc Pro Tunc requesting a new trial. The Post Sentence Motion Nunc Pro Tunc was denied on June 21, 2017. On July 21, 2017, Defendant filed a Notice of Appeal to the Superior Court. On August 9, 2017, Defendant filed a Statement of Errors Complained of on Appeal.

## III. DEFENSE RAISED STATEMENT OF ERRORS ON APPEAL

Defendant raises the following issues in his Statement of Errors Complained of on Appeal:

1. Whether the trial court erred when it found that there was sufficient evidence to support a conviction for the charges of possession with the intent to deliver and knowing and intentional possession.

2. Whether the trial court abused its discretion in denying the Post Sentence Motion Nunc Pro Tunc for a new trial, because the verdict of guilt was against the weight of the evidence.

## IV. DISCUSSION

### A. Sufficient Evidence Supports Defendant's Convictions.

On appeal, Defendant contends that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that he was guilty of: (1) possession with the intent to deliver and (2) knowing and intentional possession. Defendant's claim lacks merit for the reasons cited below.

4

The standard for determining whether sufficient evidence exists to support a conviction is well established:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused[] beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Ortiz,* 160 A.3d 230, 233-34 (Super. Ct. Pa. 2017) (citing *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000) (internal citations omitted)).

Two material elements comprise the crime of possession with the intent to deliver: (1) the defendant possessed a controlled substance, and (2) the defendant intended to deliver the controlled substance. *See Commonwealth v. Roberts,* 133 A.3d 759, 767 (Super. Ct. Pa. 2016) (citing *Commonwealth v. Lee,* 956 A.2d 1024, 1028 (Pa. Super. 2008)).

1.     *Defendant Possessed a Controlled Substance.*

Since no drugs were found on Defendant's person, the Commonwealth have to show at trial that Defendant was in *constructive* possession of the heroin recovered. The Superior Court has defined constructive possession as exerting "conscious dominion" over contraband, which requires having (1) "the power to control the contraband" and (2) "the intent to exercise that control." *Commonwealth v. Roberts,* 133 A.3d 759, 768 (Pa. Super. 2016) (citing *Commonwealth v. Brown,* 48 A.3d 426, 430 (Pa. Super. 2012)). "Constructive possession is an inference arising from a set of facts that possession is more likely than not," which can be demonstrated through the totality of the circumstances. *Commonwealth v. Parker,* 847 A.2d 745, 750 (Pa. Super. 2004) (internal quotations and citations omitted).

5

Defendant's constructive possession of narcotics is easily established in this case: the Commonwealth's evidence, which included the testimony of Officer Cerebe, Officer Maldonado, Officer Tull, and the physical evidence seized from Defendant and the two buyers on July 14, 2016, was sufficient to allow a finder of fact to find beyond a reasonable doubt that Defendant was in possession of a controlled substance. The $275.00 cash that was recovered from Defendant's arrest combined with the heroin packets found on the two buyers linked Defendant to the possession of the contraband. N.T. February 10, 2017 at 13, 36, 42. The fact that the buyers that were observed making separate transactions with Defendant had the same heroin packets with the same packaging, combined with other circumstantial evidence of intent, supported an inference that Defendant was connected to the contraband.

2. *Defendant Intended to Deliver a Controlled Substance.*

The court looks to the totality of the circumstances surrounding an alleged drug possession in order to determine whether the defendant possessed the requisite intent to deliver it. *Commonwealth v. Coleman*, 130 A.3d 38, 41 (Super. Ct. Pa. 2015). Commonly considered factors include the quantity of the controlled substance in the defendant's possession, the packaging of the substance, the defendant's behavior, the absence of drug paraphernalia for personal use or presence of drug sale paraphernalia, and the amount of cash in the defendant's possession. *Commonwealth v. Roberts*, 133 A.3d 759, 768 (Super. Ct. 2016) (citing *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237-38 (Pa. 2007)).

After carefully examining all of the circumstances in the present case, this Court found that the Commonwealth's evidence was clearly sufficient to conclude that Defendant intended to deliver a controlled substance. Evidence included the eyewitness observations of Officer Cerebe, who demonstrated significant experience in conducting surveillances involving narcotic

6

sales in Philadelphia. Officer Cerebe testified that she had worked in the Narcotics Bureau for approximately twenty-three years, and had been in the Narcotics Strike Force for approximately five years. N.T. February 10, 2017 at 12. Officer Cerebe had coordinated "at least 100 or more'" surveillances. *Id.* at 14. Officer Cerebe chose the surveillance location where she observed Defendant's drug transaction because she knew it to be a high drug sale area based on prior investigations and arrests. *Id.* at 15, 42. Officer Cerebe also had a clear view of Defendant and the buyers, because she utilized binoculars from a distance of approximately 100 feet. *Id.* at 15, 27. Even though Office Cerebe lost sight of Defendant for five to six minutes after Defendant was finished with his last transaction, Officer Cerebe testified that she was in constant radio contact with backup officers during the entire surveillance, where she was relaying descriptions and locations of Defendant and each of the four purchasers. *Id.* at 24, 17. This uninterrupted radio communication kept the officers informed of the current situation and any changes in the whereabouts of Defendant and the buyers. Moreover, Officer Cerebe testified that she positively identified Defendant when he appeared into her view again. *Id.* at 25. According to Officer Cerebe, there was nobody else on the street that remotely resembled Defendant. *Id.* This court can reasonably rely on the credible testimony of Officer Cerebe, who had a great deal of experience and training in conducting surveillances and recognizing narcotics transactions.

Furthermore, Defendant failed to raise reasonable doubt regarding the convictions that he sustained. Although Defendant's possession of the $275.00 that was recovered from his arrest, without more, does not prove that he was involved in drug sales, Officer Cerebe's surveillance testimony links the drugs found on the detained buyers to Defendant. *Id.* at 23. It can be reasonably inferred that Defendant supplied the heroin packets to both arrested purchasers, Steven Graciani and Thomas Holland, because both purchasers possessed the same type of

7

narcotics with identical packaging. These facts support a permissible inference that Defendant was not merely having conversations in the surveillance area, but was involved in the illegal exchange of heroin for cash. Considering all the evidence presented before this court, the verdict does not contradict the physical and circumstantial facts. Viewing the evidence in the light most favorable to the Commonwealth, there is sufficient evidence to support Defendant's conviction of possession with the intent to deliver heroin.

3.    *Sufficient Evidence Existed to Convict Defendant of Knowing and, Intentional Possession.*

Defendant also asserts that insufficient evidence supported his conviction for knowing and intentional possession. Simple possession is a lesser-included offense of possession with the intent to distribute. *See Commonwealth v. Roberts*, 133 A.3d 759, 769 (Pa. Super. Ct. 2016). Therefore, by showing that the trial court had sufficient evidence to find Defendant guilty of possession with the intent to deliver, the Court need not enter a separate analysis to find that there was sufficient evidence of his knowing or intentional possession.

## B.    The Trial Court's Verdict and Denial of Defendant's Post-Sentence Motion Were Not Against the Weight of the Evidence.

Mr. Martinez's final contention that the verdicts in this trial were against the weight of the evidence must be rejected. The Superior Court applies a strict standard when determining whether a verdict is against the weight of the evidence:

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, [it] may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (internal citations omitted). A verdict must meet a very high bar to "shock one's sense of justice": "when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose

8

his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (internal citations omitted). Defendant's appeal cannot meet this high bar.

In Defendant's Post Sentence Motion Nunc Pro Tunc, Defendant insists that the testimony of the Commonwealth's witnesses do not support a finding of guilt. To support this contention, Defendant states that the Commonwealth failed to meet its burden in proving Defendant guilty beyond a reasonable doubt because: (1) the physical description of the alleged seller does not match what Defendant was wearing when arrested; (2) the alleged seller left the area of surveillance before he was arrested; and (3) Defendant was arrested with no narcotics found on his person.[8] This court disagrees with Defendant for the reasons cited below.

Only the Commonwealth offered eyewitness testimony to support its version of what occurred on July 14, 2016 on 3000 N. Water Street. Therefore, this case turns on the credibility of the witnesses presented by the officers. First, Defendant's challenge to Officer Cerebe's physical description of the seller is unfounded. Officer Cerebe testified that she observed that Defendant wore a black t-shirt, blue jeans, and sunglasses on top of his head. N.T. February 10, 2017 at 23. No record evidence contradicts Officer Cerebe's testimony regarding Defendant's physical description. Defendant's Post Sentence Motion for a new trial even avers that Defendant was wearing a black t-shirt and blue jeans. Therefore, Defendant's argument that the physical description of the alleged seller does not match what Defendant was wearing when arrested is unsubstantiated by the record.

Second, Defendant contends that there is no evidence to connect Defendant to the buyers and the observed transactions, because the alleged seller had left 3000 North Water Street before

---

[8] Defendant's Post Sentence Motion Nunc Pro Tunc filed on May 23, 2017.

Defendant was arrested. The fact that the seller was seen leaving the area of surveillance before his arrest does not preclude Defendant as the seller in the transactions observed by Officer Cerebe. Although Officer Cerebe lost sight of Defendant after the three transactions for five to six minutes, Officer Cerebe testified that she witnessed Officer Cooper stop and arrest Defendant. *Id.* at 19. Officer Cerebe positively identified Defendant before Officer Cooper arrested him, and also answered "no" when she was asked whether there was anybody else on the street that remotely resembled Defendant. *Id.* at 18, 25. Given Officer Cerebe's credible identification of Defendant as the seller that she observed, Defendant's filings offer no reason to shift the weight of the evidence.

Third, this Court found the testimony of Officer Cerebe to be wholly credible. The evidence presented in Officer Cerebe's testimony was abundant, thorough, and compelling. While Defendant contests the weight of the evidence because the narcotics were not found on his person, this Court has determined that based upon the credible testimony of Officer Cerebe, Defendant constructively possessed the heroin found on the arrested buyers. Defendant offers no reason why this inference of constructive possession should shock the judicial conscience.

For these reasons, Defendant's arguments that his convictions were against the weight of the evidence must fail.

## IV.   CONCLUSION

Based upon the foregoing reasons, the judgment of sentence should be affirmed.

BY THE COURT:

LUCRETIA CLEMONS, J.
Dated: December 18, 2017

10

**Commonwealth v. Michael Martinez**
**CP-51-CR-0008516-2016**

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing this person(s), and in the manner indicated below:

Attorney for the Commonwealth:

Chris Taylor, Esquire
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Type of Service:    (  ) Personal  (X) Regular mail  (  ) CJC mailbox  (  ) Email

Attorney for Defendant:

Matt Nelson, Esquire
1441 Sansom Street
Philadelphia, PA 19102

Type of Service:    (  ) Personal  (X) Regular mail  (  ) CJC mailbox  (  ) Email

DATED:    12/18/17

Suchi Vuu, Esquire
Law Clerk to Hon. Lucretia Clemons

11