J-S26022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORENZO D. JOHNSON | : | |
| | : | |
| Appellant | : | No. 1536 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003172-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED SEPTEMBER 01, 2020**

Lorenzo D. Johnson appeals from the judgment of sentence entered on

September 12, 2019, following his bench-trial conviction for Persons Not to

Possess, Use, Manufacture, Control, Sell or Transfer Firearms.[1] Johnson

challenges the sufficiency of the evidence. We affirm.

The trial court summarized the facts as follows:

> At the non-jury trial conducted on September 4, 2019, the
> Commonwealth called Michael Bowie, an adult probation
> officer for Allegheny County, who testified that on March 5,
> 2019, he was involved in an investigation of [Johnson], who
> was on probation at that time. Officer Bowie testified that,
> at that time, [Johnson] was residing with his parents at 400
> Collins Drive in Penn Hills, PA. Officer Bowie called [Johnson]
> and advised [Johnson] that he was coming to his residence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(c)(7).

to conduct a search and if there was any contraband it should be removed. Contraband which would constitute a violation of probation would include alcohol, drugs or weapons. Officer Bowie testified that when he arrived at [Johnson's] residence, bottles of wine were visible in the kitchen and a bottle of rum was in the refrigerator. As a result of locating this contraband, an additional search was conducted of [Johnson's] bedroom which included a search of the nightstand adjacent to [Johnson's] bed. Upon searching the nightstand, Officer Bowie recovered a loaded firearm in the bottom drawer of the nightstand, which also had male clothing in it. The top drawer of the nightstand contained mail addressed to [Johnson]. There was no female clothing found anywhere in the drawers or the closet in the room. In addition to the firearm, one-and-a-half ounces of marijuana, and a laser gun sight was found on the bedroom floor next to the closet and a gun magnet was found in the basement of the home. There were no other firearms found, however, .45-caliber ammunition and a magazine for a .45-caliber firearm were also found in the bedroom. When questioned, [Johnson] stated that the firearm was not his but did not provide any information about who owned the gun. The Commonwealth admitted [] the crime lab report for the firearm that was recovered which showed that it was a .9 mm Glock pistol in operable condition. [Johnson's] juvenile adjudication of September 14, 2015, for possession of a firearm by a minor was also offered into evidence, establishing [Johnson] was unable to possess a firearm.

[Johnson] presented the testimony of Brandi Robinson who testified that she was a family friend of [Johnson]. Robinson further testified that she had a concealed carry permit and was licensed to carry a firearm and produced documentation concerning her purchase of the firearm in question. She testified that although she did not live at 400 Collins Drive, she had stayed there on multiple occasions, including when [Johnson] was not present. She testified that on March 1, 2019, she slept in [Johnson's] bedroom when [Johnson] was not there and put the gun in the drawer when she went to sleep and unintentionally left it there.

Trial Court Opinion, filed Feb. 10, 2020, at 2-3 (citations omitted).

The trial court found Johnson guilty as above and sentenced him to 11½ to 23 months' imprisonment. Johnson filed a timely appeal and raises one issue for our review:

> Whether the evidence was sufficient to convict [Johnson] of Persons Not to Possess Firearms where the Commonwealth failed to prove, beyond a reasonable doubt, that [Johnson] had the power to control the firearm as well as the intent to exercise such control, where the firearm was not found on [Johnson's] person?

Johnson's Br. at 5 (capitalization regularized).

Johnson challenges the sufficiency of the evidence to support his conviction. Johnson argues that the evidence showed that the firearm was not found on his person and the Commonwealth failed to prove that Johnson had the power to control the firearm as well as the requisite intent to control it. *Id.* at 11. Johnson additionally contends that he presented a witness who claimed ownership of the firearm along with accompanying documentation, and who stated that she left the firearm in Johnson's bedroom without his knowledge four days before the probation officer's visit. *Id.* at 11, 19. According to Johnson, "without more evidence regarding [Johnson's] knowledge of the firearm and his intent to control the firearm, the Commonwealth's evidence was insufficient to support [Johnson's] conviction for Persons Not to Possess Firearms." *Id.* at 22.

Johnson's argument lacks merit. When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to considering the evidence of record, and all reasonable

inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa.Super. 2019). Further, the trier of fact is free to believe, all, part, or none of the evidence presented when making credibility determinations. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016) (citation omitted). Additionally, "this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

The subsection of Persons Not to Possess under which Johnson was convicted requires the Commonwealth to prove, beyond a reasonable doubt, that Johnson: (1) possessed, used, controlled, sold, transferred, or manufactured a firearm; and (2) had been adjudicated delinquent for a disabling offense. ***See*** 18 Pa.C.S.A. § 6105(c)(7). Johnson only challenges the first element.

Since the firearm in question was not found on Johnson's person, the Commonwealth was required to establish "constructive possession" of the firearm. ***See Smith***, 146 A.3d at 263. We have explained that constructive

possession is an inference of possession, requiring proof of "conscious dominion," which is "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa.Super. 2004) (citation and internal quotation marks omitted). The Commonwealth may prove constructive possession by the totality of the circumstances, and we do not view the evidence in isolation. *See id.*

Instantly, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to prove that Johnson constructively possessed the firearm. A review of the totality of the circumstances reveals that Johnson's probation officer testified that he contacted Johnson and advised him that he was coming to his residence to conduct a search and to remove any contraband. N.T., 9/4/19, at 10. In conducting the search of Johnson's bedroom, his probation officer discovered a loaded firearm in the nightstand drawer next to Johnson's bed. *Id.* at 12-13. That drawer also contained male clothing. *Id.* at 13. There was no female clothing found in the bedroom. *Id.* at 14. The top drawer of the nightstand contained mail addressed to Johnson. *Id.* A laser gun sight was found on the bedroom floor next to the closet, and .45-caliber ammunition and a magazine for a .45-caliber firearm were also found in the bedroom. *Id.* at 15-16. A gun magnet was also found in the basement of the home. *Id.* at 15. The prosecution also admitted into evidence documentation of Johnson's juvenile adjudication for possession of a firearm by a minor, which was a disabling adjudication. *Id.* at 17.

Based on the totality of the circumstances, the evidence was sufficient to support the court's conclusion, beyond a reasonable doubt, that Johnson constructively possessed the firearm. The firearm was found in Johnson's presence in his bedroom and was located among his personal effects and clothing. Johnson readily admitted that the bedroom was his and there was no evidence presented that other individuals used or maintained control of the bedroom to Johnson's exclusion. Thus, Johnson's sufficiency challenge is without merit.

Johnson argues that the testimony of a defense witness, Brandi Robinson, precluded a finding of constructive possession beyond a reasonable doubt. She testified that she was the legal owner of the firearm and had inadvertently left the firearm in Johnson's nightstand drawer when she stayed at Johnson's residence four days before the search. Johnson maintains that this evidence supported his defense that he was not aware of the firearm's presence in his bedroom. However, the trial court did not believe her testimony, and Johnson's argument is essentially that the trial court ought to have found different facts. *See* Trial Ct. Op. at 5. This argument does not undermine the sufficiency of the evidence to prove guilt beyond a reasonable doubt.

To the extent this argument goes to the weight of the evidence, Johnson waived the claim by failing to raise it before the trial court, and by not putting it in his Pa.R.A.P. 1925(b) statement or in his statement of questions presented. *See Commonwealth v. McClellan*, 178 A.3d 874, 880 (Pa.Super.

2018); **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa.Super. 2017). Even if he had taken all of the steps necessary to present the issue to the trial court and preserve it on appeal, we would nonetheless reject it, as the trial court would not have abused its discretion in denying the claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2020